## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMAS REY, MELISA REY, ROBERT DENNY, VICTORIA EMMERLING, NICOLE WILLIAMSON, AND ISABEL REYNOLDS,** | **CIVIL ACTION NO.** |
| **Plaintiffs,** | **DIVISION:**<br>**JUDGE:** |
| **VERSUS** | |
| **LCMC HEALTH CARE PARTNERS, LLC, LOUISIANA CHILDREN'S MEDICAL CENTER, CHILDREN'S HOSPITAL, and LCMC HEALTH HOLDINGS, INC.** | **SECTION:**<br>**MAGISTRATE:** |
| **Defendants.** | |

### NOTICE OF REMOVAL

**NOW COME**, through undersigned counsel, Defendants, LCMC Health Care Partners, LLC, Louisiana Children's Medical Center, Children's Hospital, and LCMC Health Holdings, Inc. (collectively, "Defendants")[1], who appear solely for the purpose of filing this Notice of Removal and reserve all rights, defenses, objections, exceptions, and claims they may have. In accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants hereby remove this civil action, which was pending as Case No. 2021-03912 in Division "A" of the Civil District Court for the Parish of Orleans, State of Louisiana (the "Action"), to the United States District Court for the Eastern District of Louisiana on the grounds that Plaintiffs' claims are completely preempted by federal law and implicate significant federal issues as set forth in *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257*, r'hg denied*, 545

---

[1] LCMC Health Holdings, Inc. and LCMC Healthcare Partners, LLC are not proper defendants in this action and should be dismissed.  Defendants' counsel has discussed their voluntary dismissal with Plaintiffs' counsel.

- 1 -

U.S. 1158 (2005), and is a class action pursuant to which this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In support of this Notice of Removal, Defendants aver as follows:

## BACKGROUND

1.

On May 7, 2021, Plaintiffs, Tomas Rey, Melisa Rey, Robert Denny, Victoria Emmerling, Nicole Williamson, and Isabel Reynolds ("Plaintiffs"), filed their "Petition for Class Action Lawsuit Related to Injunctive Relief, Liability and Damages"[2] ("Petition") in the Civil District Court for Parish of Orleans, State of Louisiana.

2.

Plaintiffs allege they live in an area of New Orleans (which they define as the "Areas of Concern") located within the flight path of helicopters that airlift patients to Children's Hospital of New Orleans, located at 200 Henry Clay Avenue ("Children's Hospital"). Petition, ¶ ¶ 3-4.

3.

Plaintiffs allege patient-transport helicopter flights to and from a helistop at Children's Hospital constructed between 2017 and 2019, including takeoffs and landings, emit noise and vibrations that cause them physical and mental discomfort and property damage and therefore constitute a nuisance. Petition, ¶¶ 9-19.

4.

Plaintiffs seek to represent a class of individuals who reside in the Areas of Concern and who they allege have suffered property damage and personal injuries as a result of flight patterns to and from the new helistop. Petition, ¶ 23.

---

[2] *See* Exhibit "A."

5.

Plaintiffs claim "LCMC Health classified the facility as a heliport, which requires a conditional use permit and rigorous Federal, State, and City regulatory requirements." Petition, ¶ 10.

6.

Plaintiffs seek damages and injunctive relief, including "a mandatory injunction requiring LCMC Health to **relocate its heliport**." Petition, ¶¶ 29 and 26 (emphasis added).

7.

Plaintiffs bring their claims under La. C.C. arts 667-669, Louisiana's nuisance law, and Louisiana's general tort law, La. C.C. arts. 2315 and 2317. Petition, § 28.

## GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction

8.

Removal of the Action is appropriate under 28 U.S.C. § 1441(a) because this Court would have had original subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 had they elected to file the action initially in federal court.

9.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10.

This Court has federal jurisdiction over this Action because: (1) Plaintiffs' claims are completely preempted pursuant to the Federal Aviation Act, codified as amended at 49 U.S.C. § 49 U.S.C. § 40101, *et seq*., and the Noise Control Act of 1972, 42 U.S.C. § 4901, *et seq*.; and

- 3 -

(2) the Supreme Court recognizes federal question jurisdiction exists in an action, like this one, that asserts state law claims implicating significant federal issues. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg*., 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257*, r'hg denied*, 545 U.S. 1158, 126 S.Ct. 25, 162 L.Ed.2d 923 (2005).

11.

Pursuant to the Federal Aviation Act, "The United States Government has exclusive sovereignty of airspace of the United States," and the Administrator of the Federal Aviation Administration ("FAA") has the duty to "prescribe air traffic regulations on the flight of aircraft." 49 U.S.C. § 40103(a), (b)(2).

12.

In *City of Burbank v. Lockheed Air Terminal, Inc*., 411 U.S. 624, 633, 93 S.Ct. 1854, 1862, 36 L.Ed.2d 547 (1973), the Supreme Court surveyed the Federal Aviation Act and the Noise Control Act of 1972 and found Congress unequivocally intended for the federal government to have "full control over aircraft noise, pre-empting state and local control."

13.

The *City of Burbank* Court explained the clear federal interest in regulating airspace as follows:

> The Administrator [of the FAA] has imposed a variety of regulations relating to takeoff and landing procedures and runway preferences. The Federal Aviation Act requires a delicate balance between safety and efficiency and the protection of persons on the ground. Any regulations adopted by the Administrator to control noise pollution must be consistent with the highest degree of safety. The interdependence of these factors requires a uniform and exclusive system of federal regulation if the congressional objectives underlying the Federal Aviation Act are to be fulfilled.

411 U.S. at 639 (internal citations and quotations omitted).

- 4 -

14.

In addition, the Supreme Court has long recognized "that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable*, 545 U.S. at 312. In those cases, as in this Action, Plaintiffs' claims are presented in the guise of state law claims, but, in actuality they: (1) necessarily raise a federal issue; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) the federal forum may entertain the issue without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Id.* at 314.

15.

As the *Grable* Court explained, asserting federal question jurisdiction over state law claims implicating federal issues is appropriate and in harmony with "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

16.

All of the requirements for federal jurisdiction under *Grable* are satisfied in this Action.

17.

A federal issue is necessarily raised by this Action, as recognized by Plaintiffs in their Petition, wherein they state a conditional use permit for a helistop requires compliance with rigorous **Federal** requirements. Petition, ¶ 10. Plaintiffs "seek a mandatory injunction requiring [Children's Hospital] **to relocate its heliport** to an area which will not continue to cause damages and interfere substantially with [the Plaintiffs'] enjoyment of their property." Petition, ¶ 26 (emphasis added). However, the FAA has overriding authority and control with respect to the

- 5 -

location of airports – including helistops – and the flight routes into and out of airports. *See, e.g.*, 49 U.S.C. § 40103 (requiring the Administrator of the FAA to (1) "assign by regulation or order the use of the airspace necessary to ensure the safety of aircraft and the efficient use of airspace" and (2) "prescribe air traffic regulations on the flight of aircraft" for, among other purposes "protecting individuals and property on the ground"); *see also* 49 U.S.C. § 40102(a)(6) (defining "aircraft" to mean "any contrivance invented, used, or designated to navigate, or fly in, the air"); 14 C.F.R. § 157.3 (requiring notification to the FAA Administrator by any person planning to "[c]onstruct, realign, alter, or activate any runway or other aircraft landing or takeoff area of an airport"); 14 C.F.R. § 157.2 (defining "airport" to mean "any airport, heliport, helistop, vertiport, gliderport, seaplane base, ultralight flightpark, manned balloon launching facility, or other aircraft landing or takeoff area"). Indeed, the FAA's authority over airspace is exclusive. *See* 49 U.S.C. § 40103.

18.

With respect to the helistop at issue, on January 15, 2021, the FAA issued a "Notice of Heliport Airspace Analysis Determination" to "Establish Private Use Heliport" advising, *inter alia*, that the FAA's determination was one "with respect to the safe and efficient use of the navigable airspace by aircraft and with respect to the safety of persons and property on the ground" and that, "in accordance with 14 CFR Part 157, **any construction, alteration to, or abandonment of the subject heliport requires notice to the FAA for aeronautical review**." (emphasis added).

19.

Plaintiffs' request for an injunction requiring "relocation" of the helistop directly implicates the FAA because the FAA has affirmatively stated it must approve any change to the heliport.  Plaintiffs' demand for injunctive relief therefore directly implicates the FAA's authority

with respect to the helistop, including both as detailed in the January 15, 2021 Notice and as explained by the Supreme Court in *City of Burbank* in upholding that the FAA has exclusive authority over airspace.

20.

Plaintiffs not only acknowledge, on the face of their Petition, the helistop is subject to "rigorous" **Federal** regulatory requirements, they further claim the City of New Orleans Safety and Permits Department could not issue a zoning verification letter for the new heliport without obtaining and reviewing "**FAA records**" pertaining to the helistop. Petition, ¶¶ 10, 19 (emphasis added).

21.

The federal issue raised by this Action is substantial because the issue is important to the federal system as a whole, and state adjudication could undermine the development of a uniform body of federal law. Allowing Plaintiffs to pursue a claim for injunctive relief would usurp the FAA's oversight authority and undermine the "uniform and exclusive system of federal regulation" of airspace deemed so important by the Supreme Court in *City of Burbank*. 411 U.S. at 639. Indeed, granting the injunctive relief Plaintiffs request would create a means for litigants to sidestep the authority of the FAA.

22.

The federal-state balance will not be upset by allowing federal jurisdiction over Plaintiffs' claims for the above-described reasons. To the contrary, federal jurisdiction over this Action reinforces the proper division between state and federal regulation of air flight and the procedure for bringing grievances relating to decisions made by the FAA.

### B. Class Action Fairness Act

23.

Federal jurisdiction exists under CAFA because this is a class action in which there is

minimal diversity between the parties and the amount in controversy exceeds $5 million.  *See* 28

U.S.C. § 1332(d).

#### 1. *Minimal Diversity of Citizenship Exists*

24.

Plaintiffs are alleged to be domiciliaries of Louisiana.  Petition, ¶ 1.  They seek to bring

claims on behalf of the following class:

> All persons who are residents, domiciliaries, tenants, and/or are
> located in Orleans Parish, who have suffered and continue to
> suffer damages including property damage and depreciation of
> their homes as well as personal injury as a result of the relocation
> of the LCMC Health heliport and who reside in an area bounded
> by the Mississippi River to the South, both sides of Camp Street
> to the North; Valmont Street to the East; and Exposition
> Boulevard to the West..

*Id.*, ¶ 23. The described area is defined in the Petition as the "Areas of Concern".

25.

Defendants are Louisiana citizens. Louisiana Healthcare Partners, LLC is a limited liability

company whose sole member is a non-profit corporation organized under the laws of Louisiana

with its principal place of business in Louisiana. Louisiana Children's Medical Center is a non-

profit corporation organized under the laws of Louisiana with its principal place of business in

Louisiana. Children's Hospital is a non-profit corporation organized under the laws of Louisiana

with its principal place of business in Louisiana. LCMC Health Holdings, Inc. is a non-profit

corporation organized under the laws of Louisiana with its principal place of business in Louisiana.

- 8 -

26.

The proposed class includes at least one putative member who is not a citizen of Louisiana. In particular, there is at least one individual who resides in the "Areas of Concern" and who was more likely than not a domiciliary of a foreign state and/or of a state other than Louisiana at the time the Action was filed.

27.

Importantly, residence is not the definition of citizenship; domicile is. *See, e.g.*, *Phillips v. Severn Trent Envt'l Servs., Inc.*, No. 07-3889, 2007 WL 2757131 (E.D. La. Sept. 19, 2007) (Feldman, J.). There is at least one individual who, although he or she maintained a residence in the Areas of Concern at the time of suit, is more likely than not a domiciliary of a foreign state and/or state other than Louisiana.

28.

Because members of the class as defined by the Plaintiffs are citizens of foreign states and/or states different from one or more of the named Defendants, the minimal diversity requirement of CAFA is met and removal is appropriate. *See* 28 U.S.C. § 1332(d)(2)(A).

*2. Plaintiffs' Allegations Satisfy CAFA's "Class Action" Requirements*

29.

Plaintiffs filed this case as a class action under Louisiana Code of Civil Procedure article 591, *et seq.* Plaintiffs seek a judgment in favor of Plaintiffs "and those similarly situated for . . . permanent injunctive relief, and damages." Petition, at 10.

30.

CAFA requires that the putative class consists of at least 100 persons. 28 U.S.C. § 1332(d)(5). The Petition asserts that (1) the defined class area consists of the "Areas of Concern,"

(2) "[t]he Areas of Concern are located within the flight path of an MBB-BK 117 C-2 . . . and other helicopters that air lift individuals to LCMC Health," (3) "[o]n May 18, 2020, LCMC Health began using [a] new heliport, which location requires helicopter flights directly over [the] petitioner[s'] homes as well as takeoffs and landings immediately adjacent to the neighborhood," and (4) "[t]he flights, takeoffs, and landings occur randomly at all hours of the day and night and emit deafening sounds and vibrations significant enough to cause physical and mental discomfort, property damage, and annoyance to [the] Petitioners, and any person of ordinary sensibilities." Petition, ¶¶ 3, 4, 11. By specifying that the flights alone cause "physical and mental discomfort, property damage, and annoyance to . . . any person of ordinary sensibilities," (*see id.*, ¶ 11), Plaintiffs have brought the entirety of the "Areas of Concern" into the scope of the affected class. Based on publicly available data, the number of persons within the "Areas of Concern" is at least 1,884, which exceeds CAFA's 100-member requirement.

### 3. The Amount in Controversy Exceeds $5 Million

31.

To confer subject matter jurisdiction on this Court based upon diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. 28 U.S.C. § 1332(d)(6).

32.

Relocating the helistop to its current location cost in excess of $3 million, and relocating the helistop to a new location in response to Plaintiffs' claims for injunctive relief would more likely than not cost the same or more. Moreover, based on the quantum of damages in other cases

- 10 -

with similar injury allegations, the amount in controversy is met. The Petition seeks to recover class-wide relief with respect to both injunctive relief and "liability and damages," and further asserts that the categories of "damages" that have allegedly been sustained include:

> (1) Hearing loss; (2) Sleep disturbance; (3) Mental health issues; (4) Diminution of property value; (5) Property damage; (6) Loss of use of their property; (7) Cost to remediate their property; (8) Physical and mental suffering; (9) Inconvenience; (10) Past, present and future medical expenses; and (11) Past, present and future physical and mental pain and suffering.

Petition, ¶¶ 22, 29). Because the number of persons within the "Areas of Concern" is at least 1,884, the per-member claim should exceed $2,657.93. The claim that members of the putative class have suffered hearing loss is alone sufficient to show that more than $2,657.93 is at issue for each member; indeed, the quantum for hearing-loss cases frequently exceeds $10,000 per claimant. *See, e.g.*, *Henderson v. Gregory*, 47,086, p. 15 (La. App. 2 Cir. 6/20/12); 93 So. 3d 818, 826; *McCarthy v. Entergy Gulf States, Inc.*, 2011-600, p. 24 (La. App. 3 Cir. 12/7/11); 82 So. 3d 336, 352-53; *Becker v. Murphy Oil Corp.*, 2010-1519, p. 18 (La. App. 4 Cir. 6/2/11); 70 So. 3d 885, 898; *Broussard v. Union Pac. R.R. Co.*, 29,769, p. 11-12 (La. App. 2 Cir. 8/28/97); 700 So. 2d 542, 549. The additional claims for damages further support that more than $5,000,000 in the aggregate is at issue. Based on the class-wide claims for hearing loss and for other damages allegedly arising from the noise nuisance purportedly caused by the helicopter, the amount-in-controversy requirement of $5,000,000 is satisfied.

33.

In addition, with respect to both the injunctive relief and the claims for diminution in value, the amount in controversy far exceeds $5 million. Plaintiffs are seeking an injunction that will stop Defendants from "caus[ing] damages and interfer[ing] substantially with [the] Petitioner[s'] enjoyment of their property"—damages that include, among other amounts, "[d]iminution of

- 11 -

property value." Petition, ¶¶ 26, 29. The value of this injunctive relief is measured from the plaintiffs' perspective and equals the value of the objects—the putative class members' properties—that the injunctive relief seeks to protect. *See Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1355 (N.D. Fla. 2011). The aggregate value of the homes in the Areas of Concern more likely than not exceed $5 million, and thus the claim for injunctive relief and for diminution in value satisfies CAFA's amount-in-controversy requirement.

## VENUE

34.

Defendants removing actions from state court to federal court "shall file [a Notice of Removal] in the district court of the United States for the district and division within which such action is pending. . . ." *See* 28 U.S.C. § 1446(a).  28 U.S.C. § 1441, provides that the proper venue of a removed action is "the district of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Since the Petition was filed in the Civil District Court for the Parish of Orleans, which is within the Eastern District of Louisiana, this District is the proper venue for this civil action. *Dortch v. Jack*, No. CIV.A. 01-241, 2001 WL 777030, at \*2 (E.D. La. July 10, 2001).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

35.

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "All Defendants who have been properly joined and served" have joined in the removal of this action.

3617246v.1

36.

The Petition was served on all Defendants on May 21, 2021. The Defendants are filing this Notice of Removal within thirty (30) days of such service. Therefore, the Defendants have timely filed this Notice of Removal.

37.

Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal a copy of all process, pleadings, and orders in State Court to date.[3]

38.

Defendants have paid the mandatory filing fee of $400.00 for removal of this action.

39.

In compliance with 28 U.S.C. § 1446 (d), Defendants hereby certify that this Notice of Removal is contemporaneously being served on Plaintiffs and provided to the Civil District Court for the Parish of Orleans, State of Louisiana. Defendants hereby additionally certify they have complied with the 30-day service requirements of 28 U.S. Code § 1446(b)(1)(2)(3).

## CONCLUSION

Defendants submit they have shown they are entitled to remove this action from the Civil District Court for the Parish of Orleans to the United States District Court for the Eastern District of Louisiana on the grounds that Plaintiffs' state law claims implicate significant federal issues as set forth in *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, (2005), and because the Action is a class action pursuant to which this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

---

[3] *See* Exhibit "B."

3617246v.1

**WHEREFORE,** Defendants give Notice of their Removal of the Action to this Honorable Court, and pray that this cause be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

*/s/ Michael R. Dodson*
Kerry J. Miller (La. Bar No. 24562)
Loretta G. Mince (La Bar No. 25796)
Michael R. Dodson (La. Bar No. 37450)
Fishman Haygood LLP
201 St. Charles Ave. # 4600,
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

and

Peter E. Sperling (La. Bar No. 17812)
psperling@frilot.com
Leslie W. Ehret (La. Bar No. 18494)
lehret@frilot.com
Benjamin M. Castoriano (La. Bar No. 31093)
bcastoriano@frilot.com
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-1000
Facsimile: (504) 599-8100

***Attorneys for Defendants, LCMC Health Care Partners, LLC, Louisiana Children's Medical Center, Children's Hospital, and LCMC Health Holdings, Inc.***

- 14 -

3617246v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2021, I emailed the foregoing to all counsel for Plaintiffs and also electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

*/s/ Michael R. Dodson*

3617246v.1