2021-03912  Case 2:21-cv-01188-BWA-JVM   Document 1-1   Filed 06/18/21   Page 1 of 12

A
Section 16

FILED
2021 MAY 07  P 12:47
CIVIL
DISTRICT COURT

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO.                                                          DIVISION:

**TOMAS REY, MELISA REY, ROBERT DENNY, VICTORIA EMMERLING, NICOLE WILLIAMSON AND ISABEL REYNOLDS**

**VERSUS**

**LCMC HEALTH CARE PARTNERS, LLC, LOUISIANA CHILDREN'S MEDICAL CENTER, CHILDREN'S HOSPITAL, and LCMC HEALTH HOLDINGS, INC.**

FILED: _____   _____
                                                           DEPUTY CLERK

### PETITION FOR CLASS ACTION LAWSUIT RELATED TO INJUNCTIVE RELIEF, LIABILITY AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, who bring this lawsuit, individually and/or as representatives of all those similarly situated, and represent as follows:

### PARTIES

1.

Named as Plaintiffs and/or Proposed Representatives of the Plaintiff Class ("Petitioners") are:

Melisa Rey, a person of the full age of majority and a domiciled in the Parish of Orleans; Tomas Rey, a person of the full age of majority and domiciled in Orleans Parish; Robert Denny, a person of the full age of majority and domiciled in Orleans Parish; Victoria Emmerling, a person of the full age of majority and domiciled in Orleans Parish; Nicole Williamson, a person of the full age of majority and domiciled in the Parish of Orleans and, Isabel Reynolds, a person of the full age of majority and domiciled in the Parish of Orleans;

2.


E-Filed

1

VERIFIED
Tracy Lafonta
2021 MAY 07  P 01:16

2021-03912
A
Section 16

Case 2:21-cv-01188-BWA-JVM   Document 1-1   Filed 06/18/21   Page 2 of 12

FILED
2021 MAY 07  P 12:47
CIVIL
DISTRICT COURT

Children's Hospital, a non-profit corporation, domiciled in the Parish of Orleans; Louisiana Children's Medical Center, a non-profit corporation, domiciled in the Parish of Orleans, d/b/a LCMC Health, LCMC Health Holdings, Inc a non-profit corporation domiciled in the Parish of Orleans, State of Louisiana and LCMC, Health Care Partners, LLC; a non-profit corporation domiciled in the Parish of Orleans, State of Louisiana, all referred to as "LCMC Health" are liable to your Petitioners jointly and severally in a true and full sum in excess of the jurisdictional amount necessary to obtain a jury trial plus judicial interest and cost from the date of judicial demand until paid, for the following reasons, to wit:

**2 a.**

LCMC Health is the owner and/or had care, custody and control of 200 Henry Clay Avenue, which includes the foot print of the Louisiana Children's Medical Center, all surrounding parking areas, all aspects of the helicopter, heliport, fuel tanks, pilot station or any other feature or structure supporting the helicopter and the heliport.

## FACTUAL BACKGROUND

**3.**

Petitioners are residents, domiciliaries, and renters who live in an area bounded by the Mississippi River to the South, both sides of Camp Street to the North; Valmont Street to the East; and Exposition Boulevard to the West. (collectively "Areas of Concern")

**4.**

The Areas of Concern are located within the flight path of an MBB-BK 117 C-2, Serial Number 9228, manufactured by Eurocopter Deutschland GmbH, helicopter owned by LCMC Health and operated by Acadian Ambulance Service, Inc. ("Children's Helicopter"), and other helicopters that air lift individuals to LCMC Health.

2021-03912 Case 2:21-cv-01188-BWA-JVM Document 1-1 Filed 06/18/21 Page 3 of 12

A
Section 16

FILED
2021 MAY 07 P 12:47
CIVIL
DISTRICT COURT

5.

Prior to January 1, 2020, LCMC Health operated a heliport on its premises immediately adjacent to the railroad tracks operated by N.O. Public Belt Railroad and immediately adjacent to the extension of Leake Avenue, owned by the City of New Orleans. The location of the heliport adjacent to the railroad tracks did not create an unreasonable risk of harm nor did it create a compensable nuisance.

6.

LCMC Health decided to add a new heliport location on its campus, and it constructed the new facility at its current and offending location in violation of the law, without permission, without proper permitting, and without the involvement or input of neighboring residents and property owners, as required by law, *to wit:*

7.

On August 16, 2016, Eskew, Dumez and Ripple created an Institutional Master Plan ("IMP") for LCMC Health. It identified a list of potential uses permitted under the Comprehensive Zoning Ordinance's ("CZO"). Per the IMP, "Uses highlighted in yellow are current/potential uses of the LCMC Health campus." Although the IMP identified three Industrial uses allowed under the CZO: (1) helistop (2) heliport and (3) research and development, only "heliport" was highlighted in yellow. The final approval of the plan showed a single helipad in the rear at its original location. No permit was obtained.

8.

October of 2017, LCMC Health filed an application with the City of New Orleans to construct a four-story cast-in-place central tower and renovation of existing space. There was no reference to adding a new heliport to the top of the tower or infill building. The application for a permit was not granted at that time.

9.

3

2021-03912 Case 2:21-cv-01188-BWA-JVM Document 1-1 Filed 06/18/21 Page 4 of 12

FILED
2021 MAY 07 P 12:47
CIVIL
DISTRICT COURT

A
Section 16

Unbeknownst to the public, to the Petitioners and the proposed class, and unbeknownst to the City of New Orleans or its Safety and Permits office, from 2017 to 2019, LCMC Health actually built a new heliport on top of its four-story tower, despite having no permit.

**10.**

On December 4, 2019, a permit application was filed for the first time for a "new helipad on Level 6 of Infill Tower and 4,000 SF buildout of a transport space on Level 5 of Infill Tower." The permit was applied for and the permit was issued *after the construction was finished*. In this application, LCMC Health classified the facility as a heliport, which requires a conditional use permit and rigorous Federal, State, and City regulatory requirements, including the participation and input of neighbors. The plans and specifications for the tower and heliport showed that it was designed as a "structure used for the landing and take-off of helicopters, and having service facilities for such aircraft or providing for permanent basing of such aircraft." CZO, Article 26.6. The plans and specifications called for the following:

1. Fuel water separators (2);
2. Fuel containment tank
3. Fuel pipe;
4. Jet fuel line;
5. Foam storage tanks (2);
6. Fuel dispenser cabinet;
7. Fire suppression systems; and
8. Emergency fuel shut off.

The "Fifth Floor Gravity Plan Zone C1" shows the following additional service facilities for the helicopter:

1. Pilot sleeping room;
2. Flight planning office;

4

2021-03912  Case 2:21-cv-01188-BWA-JVM   Document 1-1   Filed 06/18/21   Page 5 of 12

A
Section 16

FILED
2021 MAY 07  P 12:47
CIVIL
DISTRICT COURT

3. Second pilot sleeping room;

4. Bathroom with shower;

5. Second office

6. Transport Center;

7. Support staff room;

8. Data UPS;

9. Essential gear room;

10. Mechanical room.

**11.**

On May 18, 2020, LCMC Health began using the new heliport, which location requires helicopter flights directly over your petitioner's homes as well as takeoffs and landings immediately adjacent to the neighborhood. The flights, takeoffs, and landings occur randomly at all hours of the day and night and emit deafening sounds and vibrations significant enough to cause physical and mental discomfort, property damage, and annoyance to your Petitioners, and any person of ordinary sensibilities, thereby constituting a nuisance. The flights, takeoffs, and landings are continuing.

**12.**

The City of New Orleans, through is safety and permit office, were completely unaware the new heliport location had been constructed and that flights were continuously operating from the unpermitted heliport. In June of 2020, emails amongst staff at the Safety and Permits Office state:

- "Can you please take a look at this location personally? It appears they have started building/moving the helipad and have no permit. If this is correct, please issue SWO on inspection. This group needs to know what the result is ASAP."

- "Yes, we really need to report back to the council person. I'm on a call with these people right now and the next meeting is tomorrow at 5pm. Note: GOOGLE SATELLITE IMAGERY SHOWS A HELIPAD IN A DIFFERENT LOCATION THAN THE DRAWINGS FOR THE PERMIT APPLICATION. Either way, it is beyond SWO, it is complete and in use."

2021-03912 Case 2:21-cv-01188-BWA-JVM Document 1-1 Filed 06/18/21 Page 6 of 12

A
Section 16

FILED
2021 MAY 07 P 12:47
CIVIL
DISTRICT COURT

- "Helipad is in place, some sort of prefab attached to structure. This will be incorporated into the permit for the main structure which is still unpermitted due to property management situation and the fuel storage tanks."

- "I have to ask, is there a reason that this was built and not permitted properly?"

13.

Instead of stopping the flights for its unpermitted heliport to apply for proper permitting, which would necessitate engaging with the neighbors in the process, LCMC Health instituted a misinformation campaign directed at regulators as well as to the neighborhood.

14.

LCMC Health misled regulators into believing that its helipad located on top of the tower could not be used as permanent base (heliport), a factor used to determine the character of the use. Specifically, LCMC Health utilized a permissible permit, which generally permitted but did not oblige them to use the Lakefront space, to distract from the true inquiry of whether the heliport, itself, could serve as a permanent base from which a helicopter can land and takeoff. The helicopter infrequently, if ever, used Lakefront Airport prior to the regulatory challenge. The helicopter's base of operations remains at the hospital – as do the facilities associated with a heliport.

15.

LCMC Health misled neighbors and the public after the helicopter began operating on May 18, 2020. Decibel readings taken at that time registered in the 90-104 dB range. According to the CDC, these decibel readings are equivalent to an approaching subway train or a football game.

16.

At Town Hall meetings with neighbors, Defendant LCMC Health admitted that there were no safety issues with the old location; rather, they stated that the

2021-03912 Case 2:21-cv-01188-BWA-JVM Document 1-1 Filed 06/18/21 Page 7 of 12

A
Section 16

FILED
2021 MAY 07 P 12:47
CIVIL
DISTRICT COURT

heliport was moved in response to requests from the pilots and not as they have recently argued because it would be more effective for patient care. LCMC Health also misrepresented that all proper permits were obtained for the helipad construction. Only upon learning of the extraordinary discomfort experienced by the neighborhood caused by overhead helicopter flights, takeoffs and landings, did LCMC Health's lifesaving narrative began to evolve.

17.

LCMC Health followed the Town Hall meetings with a new campaign to classify the heliport as a helistop, claiming for the first time that it was necessary to save the lives of ill children.

18.

On July 13, 2020, Counsel for LCMC Health sent an email to the City of New Orleans Safety and Permits Department ("S & P") asking S & P to verify the already constructed structure be deemed a helistop. S & P sent an email to a zoning administrator and a chief building official asking: "[C]an y'all make sure the new permit for the helistop at Children's gets back to CPC for updated approval to the IMP?"

19.

LCMC Health tells S & P that the helicopter is permanently based at Lakefront Airport and that because of time sensitive critical care air transport activity, Acadian frequently positions a helicopter at the "helistop." Without any backup material, FAA records, flight logs, etc., S & P issues a zoning verification letter, concluding that the helicopter's home base is a helistop.

20.

LCMC Health through its officers, agents and proxies, began a marketing campaign to vilify your Petitioners by suggesting that they did not care of about saving babies.

2021-03912
Case 2:21-cv-01188-BWA-JVM   Document 1-1   Filed 06/18/21   Page 8 of 12


A Section 16

FILED
2021 MAY 07  P 12:47
CIVIL
DISTRICT COURT

**21.**

On information and belief, the true motivation for the relocation of the helipad was for the financial gain of Defendants.

## CLASS ACTION

**22.**

Petitioners propose bringing this matter as a class action against LCMC Health on the issue of Injunctive Relief, liability and damages.

**23.**

Petitioners propose to proceed on behalf of the following class of individuals:

All persons who are residents, domiciliaries, tenants, and/or are located in Orleans Parish, who have suffered and continue to suffer damages including property damage and depreciation of their homes as well as personal injury as a result of the relocation of the LCMC Health heliport and who reside in an area bounded by the Mississippi River to the South, both sides of Camp Street to the North; Valmont Street to the East; and Exposition Boulevard to the West.

**24.**

Petitioners and all those similarly situated are entitled to have this cause of action maintained as a class action pursuant to La. C.C.P. art. 591, et seq. for the following reasons:

(a) **Requiring the institution of separate lawsuits would pose a serious risk of inconsistent adjudications and earlier separate determinations with a prejudicial effect on subsequent litigants;**

(b) **Prosecution of separate actions would pose a serious threat of substantially impeding the ability of class members to protect their interest;**

(c) **Any resistance of liability by the defendants would be applicable to all claims presented by all members of the class;**

(d) **There are common issues of law and fact that predominate over those issues that might pertain to individual cases;**

(e) **The class action is a superior procedural vehicle for the fair and efficient adjudication of this controversy, to wit:**

2021-03912 Case 2:21-cv-01188-BWA-JVM Document 1-1 Filed 06/18/21 Page 9 of 12

FILED
2021 MAY 07 P 12:47

A
Section 16

CIVIL
DISTRICT COURT

(1) The vast majority of the class members have no interest in controlling this litigation;

(2) Such a method of proceeding would allow the Court to process all rightful claims in one proceeding;

(3) It is desirable to concentrate all litigation in one forum; and

(4) Class action is manageable considering the opportunity to afford reasonable notice of significant phases of the litigation to class members and permit distribution of recovery.

## INJUNCTIVE RELIEF

### 25.

The change of the location of the LCMC Health heliport has and continues to deprive your Petitioners of the enjoyment of their property. The noise level and vibrations caused by the re-location of the heliport have and continue to cause damages to and interfere substantially with your Petitioner's enjoyment of their property.

### 26.

Your Petitioners seek a mandatory injunction requiring LCMC Health to relocate its heliport to an area which will not continue to cause damages and interfere substantially with your Petitioner's enjoyment of their property.

### 27.

Your Petitioners, in the alternative, are seeking a mandatory injunction requiring Defendants to abate the noise and vibrations so that it does not continue to damage and interfere substantially with your Petitioner's enjoyment of their property.

## LIABILITY AND DAMAGES

### 28.

Pursuant to La. C.C. arts. 667-669, LCMC Health has an affirmative duty not to use its property in a manner that unreasonably deprives their neighbors of reasonable enjoyment of their neighboring property and/or home. The noise and

2021-03912 Case 2:21-cv-01188-BWA-JVM Document 1-1 Filed 06/18/21 Page 10 of 12

A
Section 16

FILED
2021 MAY 07 P 12:47
CIVIL
DISTRICT COURT

vibration emanating from the location of the helipad and use of the helicopter has caused physical discomfort, physical and mental injury, property damage and annoyance thereby constituting a nuisance. LCMC Health has care, custody and control of the helipad and knew or, in the exercise of reasonable care, should have known that the use and location of its helicopter and heliport would and continues to cause damages to your petitioners in violation of La. C.C. arts. 667-669. LCMC Health knew or should have known that the new heliport location would create an unreasonable risk of harm to your petitioners in violation of La. C.C. arts. 2315 and 2317.

29.

As a direct and proximate cause of the actions and inactions of LCMC Health, Petitioners sustained damages that include but are not limited to, the following:

(1) Hearing loss;

(2) Sleep disturbance;

(3) Mental health issues;

(4) Diminution of property value;

(5) Property damage;

(6) Loss of use of their property;

(7) Cost to remediate their property;

(8) Physical and mental suffering;

(9) Inconvenience;

(10)  Past, present and future medical expenses; and

(11)  Past, present and future physical and mental pain and suffering.

WHEREFORE, Petitioners and those similarly situated pray that this matter be ordered to proceed as a class action; and after legal delays and due proceedings had, there be judgment rendered in favor of your Petitioners and those similarly situated for a permanent injunctive relief, and damages and against Children's

2021-03912

A
Section 16

Case 2:21-cv-01188-BWA-JVM   Document 1-1   Filed 06/18/21   Page 11 of 12

FILED
2021 MAY 07  P 12:47
CIVIL
DISTRICT COURT

Hospital, Louisiana Children's Medical Center, LCMC Health Care Partners, LLC and LCMC Health Holdings, Inc Health, are liable to your Petitioners jointly and severally in a true and full sum in excess of the jurisdictional amount necessary to obtain a jury trial plus judicial interest and cost from the date of judicial demand until paid.

Respectfully submitted,

THE LAW OFFICE OF CHRISTOPHER BRUNO



Christopher Bruno, Bar No. 18818
807 Howard Ave.
New Orleans, LA 70113
Telephone: (504) 581-8222
Direct dial: (504) 606-8093
Facsimile: (504) 814-7933
Email: chris@cjbrunolaw.com

and

BRUNO & BRUNO



Joseph M. Bruno, Bar No. 3604
855 Baronne St.
New Orleans, LA 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

and

KIEFER & KIEFER



Section 16

_[signature]_

Megan C. Kiefer, Bar No. 32882
2310 Metairie Road
Metairie LA 70001
Telephone: (504) 828-3313
Facsimile: (504) 828-0024
Email: megan@kieferlaw.com

*Attorneys for Plaintiffs*

**PLEASE SERVE:**

LCMC Health Holdings, Inc.
Through its agent for service of process:
Jody B. Martin
200 Henry Clay Avenue
New Orleans, La 70118

LCMC Healthcare Partners, L.L.C.
Through its agent for service of process
Jody B. Martin
200 Henry Clay Avenue
New Orleans, La 70118

Children's Hospital
Through its agents
Krystle Duplessis
200 Henry Clay Avenue
New Orleans, LA  70118

La. Children's Medical Center
Through its agent for service of process
Jody B. Martin
200 Henry Clay Avenue
New Orleans, La 70118