UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMAS REY, *et al.* | CIVIL ACTION |
| VERSUS | NO. 21-1188 |
| LCMC HEALTHCARE PARTNERS, LLC, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion by plaintiffs Tomas Rey, Melisa Ray, Robert Denny, Victoria Emmerling, Nicole Williamson, and Isabel Reynolds (collectively, "Plaintiffs") requesting that this Court decline continuing supplemental subject-matter jurisdiction over their state-law claims.[1] Defendants LCMC Healthcare Partners, L.L.C., Louisiana Children's Medical Center, Children's Hospital, and LCMC Health Holdings, Inc. (collectively, "Hospital Defendants") respond in opposition,[2] and Plaintiffs reply in further support of their motion.[3] Also before the Court is the Hospital Defendants' motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure,[4] to which Plaintiffs respond in opposition,[5] and the Hospital Defendants reply in further support of their motion.[6] Having considered the parties' memoranda, the record, and the applicable law, the Court denies both motions.

## I.     BACKGROUND

This matter concerns complaints of noise caused by the operation of a patient-transport helicopter to and from a helistop at Children's Hospital.  Plaintiffs in this action are residents,

---

[1] R. Doc. 51.
[2] R. Doc. 54.
[3] R. Doc. 58.
[4] R. Doc. 52.
[5] R. Doc. 53.
[6] R. Doc. 61.

domiciliaries, and tenants who live in an area of uptown New Orleans bounded by the Mississippi River to the south, both sides of Camp Street to the north, Valmont Street to the east, and Exposition Boulevard to the west (the "area of concern").[7]   Children's Hospital, a non-profit pediatric medical center that offers a complete range of medical services for children from birth until age 21, is situated in this neighborhood.[8]   In 2019, Children's Hospital cared for children from all 64 parishes, 43 states, and nine countries.[9]   The hospital maintains a helicopter that transports patients from across the state and region to the facility to receive critical care services.[10] Before January 1, 2020, Children's Hospital's helicopter operated from a heliport on land adjacent to the New Orleans Public Belt Railroad tracks and the extension of Leake Avenue.[11]   On May 18, 2020, the helicopter's operations were moved to a heliport atop a four-story central tower expansion of the hospital.[12]

Plaintiffs filed this action in state court as a putative class action alleging that the helicopter's new flight path affects the area of concern with unacceptable levels of noise and vibration.[13]   Specifically, they allege that the helicopter's flights directly over their homes and its takeoffs and landings from the heliport at all hours of the day and night emit deafening noise and vibrations that cause physical and mental discomfort, property damage, and annoyance, and thus constitute a nuisance.[14]   Plaintiffs seek an injunction requiring the Hospital Defendants to relocate the heliport to an area that will not continue to damage and interfere with the enjoyment of their property.[15]   Alternatively, they seek an injunction requiring the Hospital Defendants to abate the

---

[7] R. Doc. 1-1 at 2.
[8] *Id.*; R. Doc. 17 at 2.
[9] R. Doc. 17 at 2.
[10] *Id.*
[11] R. Doc. 1-1 at 3.
[12] *Id.* at 5.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 9.

helicopter noise.[16]   Plaintiffs also seek damages for personal injury and property damage under theories of strict liability (La. Civ. Code arts. 667 to 669) and negligence (La. Civ. Code arts. 2315 and 2317).[17]   The Hospital Defendants removed the action to this Court asserting federal-question subject-matter jurisdiction on the premise that Plaintiffs' claim for injunctive relief, which seeks to compel the relocation of the heliport, is preempted by federal law, specifically, the Federal Aviation Act ("FAA"), 49 U.S.C. §§ 40101 *et seq.*   In their notice of removal, the Hospital Defendants also invoked diversity subject-matter jurisdiction under CAFA.[18]

Plaintiffs moved to remand.[19]   The Court denied the motion, holding that CAFA provided diversity jurisdiction over this action under 28 U.S.C. § 1332, and thus, it was unnecessary for the Court to analyze whether it also had federal-question jurisdiction under 28 U.S.C. § 1331.[20] Plaintiffs then asked the Fifth Circuit for leave to appeal, which the appellate court denied.[21] Thereafter, Plaintiffs amended their complaint to remove the class-action allegations.[22]

## II.    LAW & ANALYSIS

### A.  Plaintiffs' Motion to Decline Supplemental Jurisdiction

Plaintiffs, assuming that this Court's subject-matter jurisdiction is predicated solely on the CAFA allegations contained in their original petition, ask this Court to decline supplemental jurisdiction over their pendent state-law claims under 28 U.S.C. § 1367 now that they have dropped the class-action allegations from their suit.[23]   Plaintiffs argue that this case should be remanded because their claims, which they characterizes as a land-use dispute between neighbors, arise under

---

[16] *Id.*
[17] *Id.* at 10-11.
[18] R. Doc. 1.
[19] R. Doc. 11.
[20] R. Doc. 30.
[21] R. Doc. 39.
[22] R. Doc. 42.
[23] R. Docs. 51-1 at 1-6; 58 at 1-7.

Louisiana law, there are other similar cases pending in state court (or soon to be filed there), and this Court has not expended extensive resources on this case.[24]

In opposition, the Hospital Defendants argue that Plaintiffs' motion ignores that this case was removed relying on subject-matter jurisdiction under CAFA *and* § 1331, which, in the Hospital Defendants' view, arises from the federal question alleged in the petition – specifically, Plaintiffs' claim for injunctive relief that the Hospital Defendants say is preempted by the FAA.[25] The Hospital Defendants also argue that, even absent federal-question jurisdiction under § 1331, the facts of the case warrant this Court's exercise of supplemental jurisdiction under § 1367 because the case does not involve novel or difficult issues of state law, this Court has expended significant resources in adjudicating this case (including resolving a motion to remand, entering a scheduling order with a trial date, and addressing other motions), and Plaintiffs have engaged in forum manipulation by deleting the class allegations from their complaint in an attempt to obtain remand.[26]

Section 1367 empowers a federal district court in a civil action to exercise supplemental jurisdiction over state-law claims that are so related to an accompanying federal claim within the court's original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  In determining whether to decline to exercise supplemental jurisdiction over such state-law claims, the court should consider the four statutory factors set out in § 1367(c) – (1) whether the state-law claims raise a novel or complex issue, (2) whether the state-law claims substantially predominate, (3) whether the court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, other compelling reasons for declining jurisdiction – and the

---

[24] R. Doc. 51-1 at 3-7.
[25] R. Doc. 54 at 1-2, 5-7.
[26] *Id.* at 7-13.

4

common-law factors of judicial economy, convenience, fairness, and comity, with no single factor being dispositive. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). As a general rule, the court should dismiss state-law claims when the federal claims to which they are pendent are dismissed. *Id*. at 161 (citing, *inter alia*, *Carnegie-Mellon*, 484 U.S. at 351). "[B]ut this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Fifth Circuit] review[s] the district court's decision in light of the specific circumstances of the case at bar." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Plaintiffs' elimination of their class-action allegations, which this Court previously held supported federal subject-matter jurisdiction under CAFA, does not mandate that the Court cede jurisdiction over the case. Nor is it necessary at this juncture to determine whether the Plaintiffs' claim for injunctive relief is preempted by the FAA as would give rise to federal-question jurisdiction over the case. Thus, under the applicable statutory and common-law factors, this Court's exercise of supplemental jurisdiction under § 1367 is appropriate. Plaintiffs state-law nuisance, strict liability, and negligence claims do not raise novel or complex issues of state law. In addition, because Plaintiffs' request for injunctive relief to relocate the heliport is intertwined with federal law, even if it were not enough to support preemption (a question the Court does not now decide), the state-law claims do not substantially predominate over considerations of federal law. Plaintiffs' dismissal of their class-action allegations after the denial of the motion to remand and motion for leave to appeal plainly amount to forum shopping. Further, Plaintiffs' counsel attests that, to date, one other similar suit (notably lacking a claim for injunctive relief that the heliport be moved) has been filed in state court but promises that other suits seeking such relief will be filed in state court; and, commensurately, the Hospital Defendants indicate that they will

remove these suits to federal court because they, too, will raise the question whether the FAA's exclusive authority over airspace – including, importantly, the flight path of the helicopter – is implicated by the injunction Plaintiffs seek.  At a minimum, then, given this unresolved issue of federal law, which is likely to recur, the common-law factors of fairness, comity, and convenience in the present case weigh in favor of this Court's continued exercise of supplemental jurisdiction.  Moreover, although the case is still in the pretrial stage, the parties and the Court have expended significant resources in getting the case to this point, so the common-law factors of judicial economy and convenience also lean in favor of supplemental jurisdiction.  Therefore, because the statutory and common-law factors support supplemental jurisdiction, the Court will exercise its discretion to continue to exert jurisdiction over the pending state-law claims.

### B.  The Hospital Defendants' Motion for Partial Judgment on the Pleadings

The Hospital Defendants seek partial judgment on the pleadings holding that Plaintiffs' request for a permanent injunction requiring them to move the heliport is preempted by the FAA.[27] Essentially, the Hospital Defendants argue that this Court cannot require them to move the heliport because doing so would necessarily affect the helicopter's flight path, which is regulated by the exclusive authority of the FAA.[28]  In opposition, Plaintiffs argue that this case involves a land-use dispute, which is jointly governed by federal, state, and local authorities.[29]  Plaintiffs also argue that by seeking an injunction to have the heliport relocated, they are essentially seeking to prevent the Hospital Defendants from using the current heliport, and that such a stop-use order does not implicate the air space that is the FAA's domain.[30]

---

[27] R. Doc. 52-1 at 4-10.
[28] *Id.*
[29] R. Doc. 53 at 1-7.
[30] R. Doc. 58 at 2-5.

6

Rule 12 provides that "[a]fter the pleadings are closed … a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion is designed to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Mendy Bros., LLC v. Bank of N.Y. Mellon*, 2017 WL 2558891, at *4 (E.D. La. June 13, 2017) (quotation omitted).  The standard applied to a Rule 12(c) motion is the same as the standard used to evaluate a motion made under Rule 12(b)(6).  *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[F]acial plausibility [exists] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must take the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the plaintiff.  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

Here, the issue of FAA preemption is not ripe for resolution on the face of the pleadings. It is unclear at this juncture whether, and, if so, how, the FAA and its regulations apply to the heliport and the helicopter's flight path and thus bear upon the Plaintiffs' requested injunction. While the Court understands the legal arguments made in support of and against preemption and has weighed them against the factual allegations made in the complaint, it needs more information to properly analyze the legal issues.  Thus, the Hospital Defendants' motion for judgment on the pleadings is denied without prejudice to reasserting the legal arguments in an appropriate motion made after relevant discovery.

7

III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion that the court decline supplemental jurisdiction over Plaintiffs' state-law claims (R. Doc. 51) is DENIED.

IT IS FURTHER ORDERED that the Hospital Defendants' motion for partial judgment on the pleadings (R. Doc. 52) is DENIED without prejudice to reasserting the substantive arguments in an appropriate motion after the relevant discovery is conducted.

New Orleans, Louisiana, this 28th day of February, 2022.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE