UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMAS REY, *et al.* | CIVIL ACTION |
| VERSUS | NO. 21-1188 |
| LCMC HEALTHCARE PARTNERS, LLC, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion filed by defendants LCMC Healthcare Partners, L.L.C., Louisiana Children's Medical Center, Children's Hospital, and LCMC Health Holdings, Inc. (collectively, "Hospital Defendants") under Rule 12(c) of the Federal Rules of Civil Procedure seeking the dismissal of all claims asserted against them.[1] Plaintiffs Tomas Rey, Melisa Ray, Robert Denny, Victoria Emmerling, Nicole Williamson, and Isabel Reynolds (collectively, "Plaintiffs") respond in opposition,[2] and the Hospital Defendants reply in further support of their motion.[3]

The Hospital Defendants argue that the noise and vibrations caused by their helicopter operations do not constitute an actionable nuisance because Children's Hospital is designated as a medical campus under local zoning laws which permit the use of helistops without additional restrictions on the helistop's location, frequency of operation, or noise emissions.[4] They also argue

---

[1] R. Doc. 67.

[2] R. Doc. 73.

[3] R. Doc. 81. Also before the Court is Plaintiffs' motion to strike the Hospital Defendants' Rule 12(c) motion, in which Plaintiffs urge that Rule 12(g)(2) of the Federal Rules of Civil Procedure prohibits successive Rule 12(c) motions. R. Doc. 74. The Hospital Defendants respond in opposition. R. Doc. 78. The motion to strike is DENIED, because Rule 12(h)(2) excepts Rule 12(c) motions for failure to state a claim from Rule 12(g)(2)'s prohibition against successive Rule 12 motions. *See Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017) (holding that a district court did not abuse its discretion when considering a successive motion to dismiss presenting an argument that could be raised in a Rule 12(c) motion for judgment on the pleadings).

[4] R. Doc. 67-1.

that Plaintiffs cannot cite any caselaw holding that noises generated by a medical emergency vehicle traveling to and from a hospital constitute a nuisance.[5]  In opposition, Plaintiffs argue that the Hospital Defendants' alleged compliance with local zoning ordinances does not *per se* preclude a nuisance claim because, even if a business complies with local zoning ordinances, the proper standard for determining a nuisance claim is whether the alleged nuisance results in material injury to the neighboring property.[6]  Similarly, Plaintiffs contend that the Hospital Defendants' alleged compliance with local sound ordinances is not dispositive of their nuisance claim but merely one factor to be considered.[7]  Plaintiffs further argue that it would be inappropriate for the Court to grant a Rule 12(c) motion before discovery, especially where, as here, the Hospital Defendants' motion includes arguments and cites evidence outside the pleadings.[8]

Rule 12 provides that "[a]fter the pleadings are closed … a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A Rule 12(c) motion is designed to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Mendy Bros., LLC v. Bank of N.Y. Mellon*, 2017 WL 2558891, at *4 (E.D. La. June 13, 2017) (quotation omitted).  The standard applied to a Rule 12(c) motion is the same as the standard used to evaluate a motion made under Rule 12(b)(6).  *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[F]acial plausibility [exists] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must

---

[5] R. Doc. 81.
[6] R. Doc. 73.
[7] *Id.*
[8] *Id.*

take the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Here, Plaintiffs' claims are not ripe for resolution on the face of the pleadings. While the Court understands the legal arguments made in support of and against dismissal and has weighed them against the factual allegations made in the complaint, it needs more information to properly analyze the legal issues at hand. The Hospital Defendants concede as much by pointing to a number of matters outside the pleadings. Moreover, their motion is completely silent as to the Plaintiffs' negligence claim. There has been no shortage of decisions rendered in recent days by the Fifth Circuit, this Court and other sections of this court, and Louisiana courts addressing state-law claims for nuisance and negligence, but very few of them are cited by either side, much less applied to the facts of this case. The Court is not convinced that this case is best analyzed under authorities a century or half-century old, not involving a helicopter, as the Hospital Defendants would have it, or without reference to any cases weighing the balance between the need to respond to medical emergencies and a neighborhood's right to be free from unreasonable nuisance, as Plaintiffs would have it.[9]

Consequently, the Hospital Defendants' motion for judgment on the pleadings is denied without prejudice to their reasserting the legal and factual arguments in an appropriate motion made after relevant discovery and supported by more relevant legal authorities. At bottom, this case is not about eliminating the life-saving services provided by Children's Hospital's helicopter but, instead, poses the question whether moving the helipad from a location that was not cause for complaint, to one that is, rises to the level of an actionable claim. The Court urges the parties to better assist it in answering this question.

---

[9] In future submissions, both sides should apprise the Court of the status of the parallel state-court zoning litigation and its bearing upon this case.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Hospital Defendants' motion for partial judgment on the pleadings (R. Doc. 67) is DENIED without prejudice to reasserting the substantive arguments in an appropriate motion after the relevant discovery is conducted.

New Orleans, Louisiana, this 17th day of November, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE